**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Michael J. Aldous, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No: 15 C 50145 |
| | ) | |
| City of Galena, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

**ORDER**

Defendants' motion to dismiss [26] is granted in part. Counts I and II are dismissed with prejudice. Counts III-V are dismissed without prejudice to refiling in state court. Defendants' motion for sanctions [27] is denied. This case is closed.

**STATEMENT**

     Plaintiff, Michael J. Aldous, has sued his former employer, the City of Galena, Illinois, as well as City Administrator Mark Moran and Mayor Terry Renner, for monetary damages arising out of plaintiff's employment with the City of Galena. Plaintiff brings his suit pursuant to 42 U.S.C. § 1983, alleging First Amendment retaliation (Count I); a Monell claim (Count II); as well as various state-law claims (Counts III-V). This court previously granted in part defendants' Rule 12(b)(6) motion dismissing Counts I and II. Plaintiff was granted leave to file an amended complaint if plaintiff's counsel could do so in accordance with his Rule 11 obligations. Before the court is defendants' Rule 12(b)(6) motion to dismiss all counts of plaintiff's amended complaint, as well as defendants' motion for sanctions under Federal Rule of Civil Procedure 11. For the reasons that follow, the motion to dismiss is granted in part, and the motion for sanctions is denied.

**I. BACKGROUND**

     The facts alleged in the initial complaint were previously stated in a prior order. In his amended complaint, plaintiff added allegations in an attempt to show that he engaged in protected speech. This court previously ruled that to succeed in alleging that the speech in question was protected citizen speech, and not that of an employee, "plaintiff would have to diametrically change his factual allegations in order to plausibly plead that the speech for which he was allegedly fired was made as a citizen and not as an employee." Plaintiff has not done so. Instead, in his amended complaint, plaintiff simply provided greater details of the alleged violations he saw while he was the plumbing and rental housing inspector. For example, in paragraph 25 of the amended complaint, plaintiff states that "[w]hen Plaintiff Aldous discovered upon inspection, that the plumbing installation for the public washrooms lacked the required venting for the individual toilets, urinals, lavatory and floor drains, he photographed the pipe installations." Plaintiff enclosed these

photographs as exhibits to the amended complaint. Another example is paragraph 30, in which plaintiff states that "[w]henever deficiencies were found upon inspections, in his capacity as Plumbing Inspector, Plaintiff would write the local plumbing contractors . . . ." Plaintiff then provided a letter as an exhibit dated October 28, 2013, that was sent to a local plumbing contractor. Apart from the added allegations, the five counts in the amended complaint are the same five substantive counts that were alleged in the initial complaint.

## II. ANALYSIS

When deciding a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all of the well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a claim under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." Id. at 679.

### A. Motion to Dismiss

In response to the amended complaint, relying again on Garcetti v. Ceballos, 547 U.S. 410 (2006), defendants reassert their argument that plaintiff failed to state a claim for First Amendment retaliation in Count I because he has not alleged that his speech was constitutionally protected. Defendants maintain that, as alleged, plaintiff was fired for employee speech, not citizen speech. In response, plaintiff contends that his speech is protected by the First Amendment and defendants are reading Garcetti too broadly. This court provided a thorough analysis of Garcetti in the previous order. Plaintiff was specifically directed, if he could do so consistent with the constraints of Rule 11, to change his factual allegations in order to plausibly plead that the speech for which he was allegedly fired was made as a citizen and not as an employee.

In the original complaint, plaintiff alleged that he was fired in retaliation for his strict enforcement of the codes by posing objections to the code variance that was applied to the oxygen system in the veterinary clinic, the code compromise afforded the six-unit apartment building, and the failure to follow the ADA during the renovation of the old City Hall. In the instant complaint, plaintiff makes the same allegations, as well as other examples of strict enforcement of the codes. In both complaints plaintiff alleges that enforcing the applicable codes and identifying violations were among his job responsibilities as Galena's Plumbing and Rental Housing Inspector. Consequently, plaintiff has alleged that the speech for which he was fired was employee speech and not citizen speech protected by the First Amendment. See Garcetti, 547 U.S. at 421-22 ("Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen. It simply reflects the exercise of employer control over what the employer itself has commissioned or created."). The court's analysis in its prior order applies to plaintiff's amended complaint because plaintiff has once again pleaded

himself out of court on the critical issue identified in Garcetti, that is, whether plaintiff spoke out "because that [was] part of what he . . . was employed to do." Garcetti, 547 U.S. at 421.

The threshold question in Garcetti is whether the speech is made by a citizen or an employee. This analysis must be done prior to determining whether there is a genuine matter of public concern. Plaintiff skips the first step of the analysis and jumps directly to a matter of public concern. Plaintiff cites and discusses a series of cases; however, as discussed below, those cases involve plaintiffs that were employees speaking in a citizen capacity and lend no support to plaintiff's position that his speech, for which he was allegedly fired, was citizen speech that is afforded First Amendment protection.

In the amended complaint, plaintiff only strengthens the allegations that the speech was made as an employee, not as a citizen. Instead of focusing on instances in which the speech could be construed as speech by a citizen, plaintiff has focused on showing that the speech was made in regard to a matter of public concern. For example, plaintiff states in paragraph 19 of the amended complaint that "[i]n the course of performing his job responsibilities as Plumbing Inspector for the City of Galena, Plaintiff Aldous discovered that mandatory local, state, and federal building codes were routinely ignored and/or violated, and the safety and health of the community was at stake." In paragraph 39 plaintiff states that "[i]n the course of performing his job responsibilities as Rental Housing Inspector for the City of Galena, Plaintiff Aldous discovered that mandatory local, state and federal building codes were being routinely ignored and/or violated, and the safety and health of members of the community was at stake." Throughout the amended complaint, plaintiff provides numerous allegations that follow this same pattern and further support defendant's position that all the speech alleged was that of an employee, not that of a citizen.

Plaintiff relies on Lane v. Franks, 134 S. Ct. 2369 (2014), in which the plaintiff, a former director of a community college's program, alleged that his former boss retaliated against him in violation of the First Amendment by firing him after he testified in a judicial proceeding. Id. at 2375-76. The Supreme Court held that "truthful sworn testimony, compelled by subpoena, [was] outside the scope of [the plaintiff's] ordinary job responsibilities." Id. at 2378. The Court in Lane emphasized that "[t]he critical question under Garcetti is whether the speech at issue is itself ordinarily within the scope of an employee's duties, not whether it merely concerns those duties." Id. at 2379. Moreover, although plaintiff did not previously argue that Lane was analogous, this court did analyze Chrzanowski v. Bianchi, 725 F.3d 734 (7th Cir. 2013), which was very similar to Lane. In analyzing Bianchi, this court was not persuaded that plaintiff's speech was similar to Chrzanowski's because Chrzanowski was allegedly fired for testifying about the potential criminal wrongdoing of his boss, which was not within the scope of his job and therefore citizen speech. Id. at 739-40. In contrast, in this case plaintiff has only alleged speech that was within the scope of his job. Along those same lines, the court is not persuaded that plaintiff's speech in this case was similar to the citizen speech in Lane, which was also testimony that was not part of the job. Lane, 134 S. Ct. at 2378.

Next, plaintiff cites a series of cases where the speech that precipitated the alleged retaliation was made only to protect the health and safety of the citizenry, rather than addressing a personal or private interest in any way. See Craig v. Rich Twp. High Sch. Dist. 227, 736 F.3d 1110, 1116 (7th Cir. 2013) (holding that a guidance counselor's self-published book of adult relationship advice

3

addressed a matter of public concern); Meade v. Moraine Valley Cmty. Coll., 770 F.3d 680, 684 (7th Cir. 2014) (holding that an adjunct professor's letter to an organization addressed matters of public concern, which is required to support First Amendment retaliation claim). Nevertheless, these cases also involved plaintiffs that were employees speaking in a citizen capacity, not an employee capacity, and lend no support to plaintiff's position that his speech was protected citizen speech.

Therefore, plaintiff has not pleaded that the speech for which he was allegedly fired was in a citizen capacity. As a result, plaintiff's attempt to cure the problems with the First Amendment retaliation claim falls short and remains deficient for the reasons stated in this court's previous order. Count I of plaintiff's amended complaint is, therefore, dismissed with prejudice.

The foregoing rationale also necessitates the conclusion that plaintiff has failed to state a claim upon which relief can be granted in the Monell claim set forth in Count II of his amended complaint. There can be no liability under Monell when there has been no violation of plaintiff's constitutional rights. City of L.A. v. Heller, 475 U.S. 796, 799 (1986); Jenkins v. Bartless, 487 F.3d 482, 492 (7th Cir. 2007). Therefore, Count II is also dismissed with prejudice.

Defendants also argue that plaintiff's state-law claims should be dismissed for various reasons. Plaintiff has failed to respond to these arguments and defendants seek dismissal of Count III-V claiming waiver. See, e.g., Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010) (holding that a "[f]ailure to respond to an argument . . . results in waiver"). Bonte and its progeny, however, do not address situations in which the court exercised its discretion in declining to hear the state claims underlying the federal claims that gave rise to the court's original jurisdiction. Moreover, the lack of response may be due to the fact that this court did not address defendants' arguments attacking the state-law claims in the motion to dismiss the initial complaint. "[W]hen a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits." Cortezano v. Salin Bank & Trust Co., 680 F.3d 936, 941 (7th Cir. 2012); see also 28 U.S.C. § 1367(c). Generally, when a jurisdiction-conferring claim is dismissed before trial a court may freely dismiss the remaining state-law claims. Miller Aviation v. Milwaukee Cty. Bd. of Supervisors, 273 F.3d 722, 731 (7th Cir. 2001). Thus, the court declines to consider defendants' arguments as to plaintiff's state law claims and those claims are dismissed without prejudice to refiling in state court.

### B. Motion for Sanctions

Defendants also move for sanctions against the plaintiff and his counsel contending that the amended complaint was not well grounded in law and violated Rule 11. Plaintiff's counsel was warned by this court to remain mindful of his obligations under Rule 11 if continuing to allege a violation of the First Amendment without any facts demonstrating the plausibility of such a claim. Rule 11 provides, among other things, that by signing a pleading, an attorney "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims . . . are warranted by existing law . . . [and] the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b)(2) & (3). In response to the instant motion to dismiss, plaintiff argued that Garcetti was being applied too broadly and cited a number of cases in support of that argument. Although the arguments made by plaintiff ultimately failed, a good-faith effort was perceptible. Therefore, the motion for sanctions under Rule 11 is denied.

## III. CONCLUSION

For all these reasons, defendants' motion to dismiss is granted in part. Counts I and II are dismissed with prejudice. Counts III-V are dismissed without prejudice to refiling in state court. Defendants' motion for Rule 11 sanctions is denied.

Date: 7/22/2016

ENTER:

_____

FREDERICK J. KAPALA

District Judge